UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MELISSA VEREB,                              :
PAUL FRANCIS SWEENEY,
        Plaintiffs,                        :

        v.                                 :

NATIONAL ENTERPRISE SYSTEMS INC.:        Civil Action No.:
        Defendants.

## COMPLAINT

**A.     Jurisdiction and Venue**

1.      Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.  Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.     Parties**

3.      Plaintiff MELISSA VEREB is a natural person who resides at 3111 Belgrade Street Philadelphia PA 19134.

4.      Plaintiff PAUL FRANCIS SWEENEY is a natural person who resides at 3122 Salmon Street, Philadelphia PA 19134.

5.      Defendant NATIONAL ENTERPRISE SYSTEMS INC. ["NES"] is a corporation with principal offices at 29125 Solon Road, Solon Ohio 44139. NES regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6). Defendant John Doe, whose dunning or partial legal name is "Scott Andrews", is a natural person

employed by Defendant Debt Masters as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe, is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jane Doe is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

C. **Factual Allegations**

8. Prior to the events hereinafter described, plaintiffs jointly owed a student loan debt to Sallie Mae towards which she was paying $200 monthly to NES under an agreement for a period of three (3) and ½ years (hereinafter the "debt").

9. Plaintiff Vereb permitted NES to request the payments monthly from her bank.

10. On or about June 20, 2014, NES failed to request the monthly payment of plaintiff Vereb's bank.

11. On or about late June 2014, John Doe of NES called plaintiff Sweeney on his cell phone during his work hours demanding that the debt be paid in full.

12. In the aforesaid call, John Doe's tone was rude and angry and he used offensive language, including repeated use of the "F" word, in order to force payment of the entire past due balance of in excess of $30,000 from plaintiff Sweeney.

13. Plaintiff Sweeney offered to pay an increased amount each month if the debt balance was reduced in its total amount, the latter due to his uncertainty of being able to financially afford this increased monthly debt burden over an extended time.

14. John Doe rejected plaintiff Sweeney's offer.

15. Throughout June and July, Jane Doe of NES telephoned plaintiff Vereb numerous times seeking to end the prior monthly agreement and intimidate her by rude and aggressive questioning into paying the debt in total or in an amount larger than the prior $200 agreement.

16. During this time, Plaintiff repeatedly replied to Jane Doe that she was not able to pay the terms demanded by NES.

17. Plaintiffs have suffered severe emotional distress, anxiety, and embarrassment as a result of defendants' abusive collection conduct as described heretofore.

18. At all times relevant hereto, defendant acted by and through its agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

D.    **Cause of Action**

### COUNT I – Violations of the FDCPA

19. The allegations above are re-alleged and incorporated herein by reference.

20. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. Defendants, by their conduct as described above, violated the FDCPA §1692d and d(2), by engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages;

C. Reasonable attorney fees and costs.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>April 30, 2015</u>                                   <u>RC935</u>
                                                              Attorney for Plaintiff
                                                              By: Robert P. Cocco, Esquire
                                                              Pa. Id. No.
                                                              1500 Walnut Street, Suite 900
                                                              Philadelphia, PA 19102
                                                              215-351-0200